**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANKUBA SAWO, | No. 09-71728 |
| Petitioner, | Agency No. A098-761-353 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

    Yankuba Sawo, a native and citizen of The Gambia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Sawo's unexhausted contentions that changed circumstances excuse his untimely asylum application, and that there is a pattern and practice of persecution of members of his particular social group.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Even if Sawo is credible, substantial evidence supports the agency's determination that Sawo's detention and mistreatment by police did not rise to the level of persecution.  *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (minor physical abuse during a single, brief detention did not compel finding of past persecution).  Substantial evidence also supports the agency's finding that Sawo did not establish a clear probability of future persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative).  Accordingly, Sawo's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Sawo failed to show it is more likely than not he will be tortured if returned to The Gambia.  *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**